[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT
This decision ends a marriage of 42 years. The evidence established that this union was unusually dysfunctional, adversely impacting not only the parties but the four children who survived it.
The statutory criteria set forth in C.G.S. 46b-81, 82 and -83 reveal the following:
Length of marriage: 42 years.
Cause of breakdown of marriage Husband's alcoholism (which ended in the late 1980's); manifesting itself in mental, physical and emotional abuse of the plaintiff. The abuse continued until the removal of the husband from the home, pursuant to a court ordered restraining order.
Ages of parties: Plaintiff 69, Defendant, 74.
Health: Both parties are in poor health.
Station: The parties lived economically modestly and financially responsibly. Plaintiff resides in the family home, Defendant boards with his sister.
Occupation: The parties are retired.
Incomes: The Plaintiff's net weekly income is $389.09. The defendant's net weekly income of $224.79.
Estates and Opportunities for acquisition of assets and income. Neither party will ever resume employment. Plaintiff owns real estate and assets valued at CT Page 1365-A approximately $300,000. Defendant reports assets valued at $100,000; but the Court finds that his assets exceed $200,000. Contributions to building estates: The parties jointly contributed to the equity in the marital home. In other respects the parties maintained separate assets other than a small amount of jointly owned stock. The assets in each party's name were obtained through inheritances or their respective employment efforts.
The plaintiff had a prior marriage from which she had a daughter and son; who were 9 and 8 at the date of the marriage. Two sons were issue of the marriage; both born during the 1960's.
The plaintiff and three of her children described a home in which the defendant became intoxicated nearly every weekend, all holidays and special occasions. The defendant's intoxication would lead to vicious disputes between the parties, which on occasion were characterized by physical violence being directed by the defendant to the plaintiff.
The Windsor Locks police described continuing police response to domestic disputes from 1954 to 1993. (In 1993 the defendant was ordered out of the home by a C.G.S. 46b-15
restraining order.)
The plaintiff and children would, up to ten times a year be forced to vacate the home and find shelter at relatives or motels to escape the rage of the defendant.
The police routinely found the defendant intoxicated and abusive. The plaintiff appeared terrified of the defendant. This scenario was confirmed by three of the children who described the horror of growing up in such a household.
This dissolution action is the fifth filed by the plaintiff since the date of the marriage. Fear sustained the marriage.
The defendant and one of his sons testified falsely about the defendant's drinking and the extent of conflicts within the home. CT Page 1365-B
The defendant's credibility is also questioned with respect to his assets. The Court is convinced that he has seriously understated his assets and income. The Court based on the evidence related to an extremely frugal lifestyle, substantial inheritance of approximately $80,000 in the 1960's, $35,000 in 1975 and $6,000 in 1991, extensive employment earning, evidence of a conspiracy to hide defendant's assets and the plaintiff's discovery of bonds and lists of assets; attributes to defendant total assets of in excess of $200,000.
The Court orders the marriage dissolved on the grounds of irretrievable breakdown. No alimony is awarded to either party.
The jointly owned 127 shares of Ingersoll Rand stock are to be sold and the net proceeds divided equally.
The plaintiff will retain her Suffield, Bloomfield and Florida real property, motor vehicle, bank accounts, pension annuity and IRA accounts.
The defendant will retain his savings bonds and bank accounts.
The marital residence is found to have a gross value of $110,000. The defendant's interest in the net value of the home is found to be $50,000. The defendant is to convey his interest in the real estate at 381 Turnpike Road, Windsor Locks to the plaintiff; in return he will receive a payment of his equity interest. Such payment will be $10,000; within 60 days of this judgment and the remaining $40,000 on or before October 1, 1997. The plaintiff will secure this obligation by a mortgage deed on the Windsor Locks property.
The marriage is ordered dissolved, no alimony is awarded to either party.
McWeeny, J. CT Page 1365-C